This civilian pay case is before the court on defendant’s motion and plaintiffs cross motion for summary judgment. The material facts are not in dispute. After carefully considering the briefs, exhibits, and oral arguments presented, we hold for the defendant.
From June 30, 1952, until July 3, 1972, plaintiff was employed as a Special Investigator of the Bureau of *578 Alcohol, Tobacco and Firearms (BATF), Department of Treasury. The present dispute arises from the circumstances surrounding plaintiffs decision in 1972 to accept early retirement upon completion of 20 years of service on June 30, 1972.
Plaintiff alleges that his decision to accept early retirement in June 1972 was in fact involuntary in that he was forced to accept the early retirement due to intimidation and duress. Thus, plaintiff claims entitlement to reinstatement and back pay. Specifically, he alleges that commencing in April 1972 his immediate supervisors began pressuring him to retire early by assigning him to undesirable duties and threatening to transfer him to a new duty post (Wilkesboro, North Carolina) that was as far as possible from his current duty post (Hattiesburg, Mississippi) and still in the southern region of BATF. The intimidation dramatically increased according to plaintiff soon after he was accidentally injured due to a fall from a truck on June 3, 1972. On June 5, 1972, plaintiff alleges, while he was suffering from a severe concussion, broken ribs, and general depression from the accident, his immediate supervisor demanded a meeting with plaintiff. At that meeting the supervisor supposedly told plaintiff to accept early retirement or prepare to report for duty at Wil-kesboro, North Carolina, the following Sunday. The supervisor also denied plaintiffs request that he be allowed to go on sick leave so he could recover from his medical injuries before having to make the decision to retire early or move to North Carolina. Further, plaintiff alleges the same supervisor called him six times during the next two days (June 6 and 7), making the same demands, and that during the sixth call plaintiff capitulated and agreed to accept early retirement.
Plaintiff alleges that he was then placed on leave without pay status until the effective date of his retirement on August 11, 1972. Plaintiff states that he sought advice from the local Civil Service Commission office at Jackson, Mississippi, soon after his forced retirement but was told there was nothing more he could do. From that point until February 3, 1973, plaintiff, being in a generally depressed state, did nothing.
On February 3, 1973, he was offered and he accepted a job as a deputy sheriff. After that, plaintiff alleges he also *579 diligently pursued his wrongful termination claim through various informal channels, but to no avail. Finally, on June 8, 1974, he wrote to the Director of BATF in Washington, D. C., regarding his claim. On July 22,1974, he received an answer via the regional office which for the first time indicated that he might have a right of appeal due to the allegedly forced nature of his retirement. Yet, plaintiff maintains he did not know the exact basis for such an appeal until he received a letter from Commissioner Andolsek of the Civil Service Commission in Washington, D. C., in December 1974. It was that letter which first informed plaintiff that the circumstances surrounding his forced retirement constituted an adverse action. After receipt of the letter, plaintiff maintains he filed a timely appeal with the Federal Employee Appeals Authority (FEAA) on February 10, 1975.
The FEAA denied plaintiffs appeal, without reaching the merits, on the grounds that the appeal was untimely. Plaintiff appealed the FEAA decision to the Civil Service Commission Board of Appeals and Review (CSC BAR), which also denied the appeal on the grounds that it was untimely.
The issue before the court for decision is whether the CSC BAR acted arbitrarily, capriciously, without substantial evidence, or contrary to law in holding that plaintiffs appeal was untimely. Grower v. United States, 200 Ct. Cl. 337, 343 (1973); Peters v. United States, 187 Ct. Cl. 63, 408 F. 2d 719 (1969).
Section 752.203(a) of 5 C.F.R. establishes the following time limit for appealing an adverse action:
(a) Time limit for appeal. An employee may submit an appeal at any time after receipt of the notice of adverse decision but not later than 15 days after the adverse action has been effected. The Commission may extend the time limit on an appeal to it when the appellant shows that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from appealing within the time limit.
Plaintiff contends that, although his appeal was filed approximately two and one-half years after the effective date of his early retirement, the appeal was timely under *580 one of the alternative circumstances, if not both, set forth in the last sentence of section 752.203(a) and, therefore, the CSC BAR abused its discretion when it refused to so hold.
Although we are not unsympathetic to plaintiffs statements concerning the difficulties that a civil servant located in a rural state may encounter in pursuing a pay claim, we find no abuse of discretion on the part of the CSC BAR in this case. We note that the CSC BAR placed emphasis upon the fact that plaintiff received a letter on July 22, 1974, which indicated that if he considered his early retirement in August 1972 a forced retirement he had a right of appeal, that the ordinary time for filing an appeal was within 15 days of the effective date of the action being appealed unless there was reasonable cause for excusing the failure to file within 15 days, and that there were two avenues of appeal. Despite this letter, no notice of appeal was filed until February 10, 1975 — better than six months later. We find this a significant lapse of time during which plaintiff was informed of his right to appeal, where to appeal, and that there was a time limit on appeals, and during which plaintiff was not operating under any type of debilitating circumstance such as he may have been in late 1972 and early 1973. Yet, plaintiff has not assigned any reason why appeal was not filed within this time.
Since we find no abuse of discretion on the part of the CSC BAR in holding that plaintiffs appeal was untimely, we do not address defendant’s alternative contention that the doctrine of laches bars plaintiffs claim.
For the foregoing reasons, we grant the defendant’s motion for summary judgment, deny the plaintiffs cross-motion for summary judgment, and order the petition dismissed.
Plaintiffs motion for rehearing and suggestion for rehearing en banc was denied March 2, 1979.